JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-08152-MWF (SSCx)**                **Date:  November 19, 2025**

Title:  Attenello MD APC v. St. Vincent IPA Medical, L.P. et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

        Deputy Clerk:                              Court Reporter:
        Rita Sanchez                              Not Reported

        Attorneys Present for Plaintiffs:          Attorneys Present for Defendant:
        None Present                               None Present

**Proceedings (In Chambers):**   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [13]

Before the Court are two Motions.  The first is a Motion to Dismiss filed by Defendant UnitedHealthcare Insurance Company on September 4, 2025.  (Docket No. 8).  Plaintiff Attenello MD APC did not file an Opposition.  The second is Plaintiff's Motion to Remand, filed on September 20, 2025.  (Docket No. 13).  Defendant filed an Opposition on October 6, 2025, and an associated Request for Judicial Notice.  (Docket Nos. 18–19).   Plaintiff filed a Reply on October 10, 2025.  (Docket No. 20).

The Motions were noticed to be heard on **October 6, 2025**.  The Court read and considered the papers on the Motions and deemed the matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

Defendant's Request for Judicial Notice is **GRANTED**.

Plaintiff's Motion to Remand is **GRANTED**, and Defendant's Motion to Dismiss is **DENIED** *as moot*.  The Court lacks subject matter jurisdiction pursuant to either the federal question statute or the federal officer removal statute.

## I.   BACKGROUND

Plaintiff is a health care provider alleging that Defendant failed to pay the proper rate for care provided.  (*See* Plaintiff's Claim and Order to go to Small Claims Court (the "Claim") (Docket No. 1, Ex. A) at 2).  Defendant is a Medicare Advantage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-08152-MWF (SSCx)**                **Date:  November 19, 2025**
Title:  Attenello MD APC v. St. Vincent IPA Medical, L.P. et al.

Organization ("MAO") (Declaration of Ryan R. Tikker (Docket No. 18-1) ¶ 6), which means it is a private insurance company that offers Medicare Advantage plans to beneficiaries in lieu of traditional Medicare.  *See* 42 U.S.C. § 1395w-21, *et. seq.*; 42 C.F.R. § 422.100, *et. seq.*

Plaintiff commenced this action in the Small Claims Court within the Los Angeles Superior Court on July 1, 2025.  (*See generally* Claim).  Defendant removed this action to federal court on August 28, 2025.  (Notice of Removal ("NOR") (Docket No. 1); *see also* Defendant's Errata (Docket No. 9)).

## II.    **LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

## III.    **REQUEST FOR JUDICIAL NOTICE**

Defendant filed a Request for Judicial Notice ("RJN") on October 6, 2025. (Docket No. 19)  In its RJN, Defendant asks the Court to consider several documents and pieces of information:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-08152-MWF (SSCx)                    Date:  November 19, 2025
Title:  Attenello MD APC v. St. Vincent IPA Medical, L.P. et al.

1. The Declaration of Ryan R. Tikker (Docket No. 18-1) for certain specified facts contained therein;

2. A copy of the Medicare Advantage health plan document for the at-issue patient, Exhibit A;

3. A copy of Form CMS-460, the agreement signed by physicians who have accepted Medicare assignment, Exhibit B;

4. A copy of the Medicare.gov website listing Dr. Attenello as a participating provider, Exhibit C.

The Court concludes it may consider Exhibits A, B, and C.  *See Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (taking judicial notice of webpages); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (A court may incorporate by reference "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." (internal quotation marks and citations omitted)).  The Court also agrees it may take judicial notice of certain limited facts set forth in the Tikker Declaration, namely the status of Defendant as a Medicare Advantage Organization. *See* Fed. R. Evid. 201(b) (court may "take judicial notice of adjudicative facts not subject to reasonable dispute").

Accordingly, the RJN is **GRANTED.**

## IV.  __DISCUSSION__

Defendant removed this action based on (1) federal question jurisdiction and (2) the federal officer removal statute.  (NOR at 2–10).  These bases for removal are discussed in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-08152-MWF (SSCx)                    Date:  November 19, 2025
Title:  Attenello MD APC v. St. Vincent IPA Medical, L.P. et al.

### A.    Federal Question Jurisdiction

Defendant argues that it may invoke federal question jurisdiction over Plaintiff's state law claims because they "arise under" federal law.  *See* 28 U.S.C. § 1331. Specifically, Defendant argues that Plaintiff's lawsuit, which challenges the benefits determinations made under a Medicare Advantage plan, effectively challenges Medicare's reimbursement methodology.  (NOR at 4–5; Opp. at 10).

"The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint."  *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  However, complete preemption is "an exception to the well-pleaded complaint rule."  *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2020) (citing *City of Oakland*, 969 F.3d at 905).  Complete preemption applies if a well-pleaded complaint establishes a state-law cause of action but "requires resolution of a substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also Caterpillar Inc.*, 482 U.S. at 393 (complete preemption is invoked when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule' ") (citing *Metropolitan Life Ins. Co v. Taylor*, 481 U.S. at 65).

Here, Plaintiff's lawsuit is entirely based on state law claims and no federal question appears on the face of Plaintiff's complaint.  Nor do Plaintiff's state-law claims necessarily depend on resolution of a substantial question of federal law.  *See Gunn v. Minton*, 568 U.S. 251, 258 (2013).  While it is possible, indeed very likely, that federal law will serve as the basis for certain defenses raised by Defendant, it is "settled law that a case may not be removed to federal court on the basis of a federal defense, *including a defense of preemption*, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Franchise Tax Bd.*, 463 U.S. at 14 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. **CV 25-08152-MWF (SSCx)**                    Date: **November 19, 2025**
Title:  Attenello MD APC v. St. Vincent IPA Medical, L.P. et al.

Defendant's alternative argument that this action "arises under" the Medicare Act is also misguided.  Defendant cites to *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1113–15 (9th Cir. 2003), for the proposition that an action "arises under" the Medicare Act when it is "inextricably intertwined" with a Medicare coverage or benefits decision.  (Opp. at 9–10).  Even assuming this action is intertwined as such, *Kaiser* concerned "whether certain claims arose under the Medicare Act within the meaning of 42 U.S.C. § 405(h), which deprives federal courts of jurisdiction over cases 'arising under' the Medicare Act absent exhaustion of remedies[.]"  *Attenello v. United Healthcare Ins. Co.*, No. CV-25-02258-RGK (MAAx), 2025 WL 2823131, at *2 (C.D. Cal. Oct. 2, 2025) (discussing *Kaiser* and rejecting similar argument).  *Kaiser* thus did not purport to address "arising under" jurisdiction pursuant to 28 U.S.C. § 1331.  To the contrary, the provision of the Medicare Act discussed by *Kaiser* **strips** federal courts of primary jurisdiction over claims that arise under the Act — *i.e.*, it operates "to the **exclusion** of 28. U.S.C. § 1331."  *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) (emphasis added); 42 U.S.C. § 405(h).

Accordingly, the Court does not have federal question jurisdiction over this action.

### B.    Federal Officer Removal

Defendant also argues that it may invoke the federal officer removal statute because it participates as a MAO and thus acts under the Centers for Medicare and Medicaid Services ("CMS").  (Opp. at 10–16).

Under the federal officer removal statute, a defendant may remove to federal court any civil state-court action brought against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof."  28 U.S.C. § 1442(a)(1).  The state-court defendant must show that (1) it is a "person" within the meaning of the statute; (2) a causal nexus exists between plaintiff's claims and the actions the defendant took pursuant to a federal officer's direction; and (3) that it has a colorable federal defense to plaintiff's claims.  *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-08152-MWF (SSCx)                    Date: November 19, 2025

Title: Attenello MD APC v. St. Vincent IPA Medical, L.P. et al.

The Court acknowledges that there is disagreement among district courts in the Ninth Circuit as to whether MAOs act under CMS for purposes of the federal officer removal statute. *Compare Vaccarino v. Aetna, Inc.*, No. EDCV-18-02349-JGB (SHKx), 2018 WL 6249707, at *6 (C.D. Cal. Nov. 29, 2018) (remanding case removed by MAO), *and Destiny Springs Healthcare LLC v. Arizona Physicians IPA Inc.*, No. CV-23-01694-PHX-DJH, 2024 WL 1926554, at *4 (D. Ariz. May 2, 2024) (same), *with Yeomans v. Blue Shield of Cal.*, 712 F. Supp. 3d 1336, 1342 (C.D. Cal. 2024) (concluding MAO may benefit from federal officer removal statute). Indeed, there are recent cases involving Dr. Attenello himself in which courts in the Central District have disagreed as to federal officer removal. *Compare Attenello v. United Healthcare Ins. Co.*, No. CV-25-02258-RGK (MAAx), 2025 WL 2823131, at *2–3 (C.D. Cal. Oct. 2, 2025) (granting Attenello's motion to remand), *with Attenello v. Aetna Life Ins. Co.*, No. CV-25-04869-WLH-E, 2025 WL 2661772, at *4 (C.D. Cal. Sept. 16, 2025) (denying Attenello's motion to remand and granting MAO's motion to dismiss).

The Sixth Circuit has also addressed this issue and precisely rejected Defendant's argument, holding that MAOs do not act under CMS for purposes of the federal officer removal statute "simply because its activities are directed, supervised, and monitored by" CMS. *Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 F. App'x 619, 622–23 (6th Cir. 2016). The Sixth Circuit stated that CMS has an "arms-length" relationship with MAOs and that MAOs' "autonomy to utilize innovations of the private market in MA plan design and implementation indicates that MAOs are not closely supervised or controlled by CMS." *Id.* at 623.

The Court, as it has held in other actions, is more persuaded by the Sixth Circuit's reasoning. *See, e.g., Advanced Orthopedic Ctr., Inc. v. UnitedHealthcare Ins. Co.*, No. CV-24-00094-MWF (MAAx), 2024 WL 493883, at *1 (C.D. Cal. Feb. 6, 2024). The fact that MAOs are subject to extensive regulatory requirements does not alter the fact that they have an "arms-length" relationship with CMS. *See Ohio State Chiropractic Ass'n*, 647 F. App'x at 622–23; *Vaccarino*, 2018 WL 6249707, at *6 (holding that a MAO's general task of administering plans is insufficient to show that they were "acting under" a federal officer).

---

CIVIL MINUTES—GENERAL                                                     6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-08152-MWF (SSCx)**                    **Date:  November 19, 2025**
Title:  Attenello MD APC v. St. Vincent IPA Medical, L.P. et al.

Finally, while Defendant appears correct that Dr. Attenello is not a party to this action and Plaintiff is improperly proceeding *pro se*, Defendant is incorrect that those facts are dispositive of the Motion to Remand.  To the contrary, the Court has an independent duty to ascertain its jurisdiction and may remand a case *sua sponte* for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  Plaintiff's improper filings do not grant this Court subject matter jurisdiction where it otherwise does not exist.

Accordingly, Plaintiff's Motion to Remand is **GRANTED** and Defendant's Motion to Dismiss is **DENIED** *as moot*.  The action is **REMANDED** to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.